# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**BETTY PARREA,**

     **Plaintiff,**

**v.**                                                            **Case No: 5:25-cv-140-WWB-PRL**

**DEAN BURNETTI, et al.,**

     **Defendants.**

_____

### ORDER

The Plaintiff, Betty Parrea, who is proceeding *pro se*, filed this action against Defendants Dean Burnetti, John Gadd, Theresa Green, and Michael Willison. Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

## I.      Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.    Discussion

As best can be discerned from the allegations of the complaint, Plaintiff's claims arise out her dissatisfaction with legal matters that were handled by Defendants and the related medical malpractice/negligence contract that she executed to retain the services of Dean Burnetti, P.A. Plaintiff brings claims against the Defendants whom she identifies as follows: (1) Dean Burnetti "attorney – esquire"; (2) John Gadd "esquire"; (3) Theresa Green "paralegal"; and (4) Michael Willison "probate attorney". (Doc. 1 at 2). Plaintiff's complaint references medical negligence, wrongful death and personal injury claims which appear to be related to her late husband Michael Parrea and arose out of medical care that he received in Ocala, Florida. Plaintiff alleges that the "negligence and unethical approach," and "poor execution of the legal services" by the Defendants resulted in "the statute of limitations being met" and in the denial of her claims against "HCA formerly known as Ocala Regional Hospital." (Doc. 1 at 5).

Plaintiff asserts that her claim is based on federal question jurisdiction and cites numerous Florida Statutes and the First Amendment. Plaintiff seeks damages of $45 million for Defendants' lack of due diligence. (Doc. 1 at 6).

To begin, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. In short, Plaintiff's allegations are far from sufficient to state a claim. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding *pro se*, she is "still required to conform to procedural rules, and the court is not required to rewrite

a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, and significantly, Plaintiff has not alleged any viable basis for her claim under federal law, nor has she alleged a basis for diversity jurisdiction. Rather, the complaint appears to allege state law claims for alleged legal malpractice which should be filed in state court. Out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for her claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.    Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **May 15, 2025,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website

(http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on April 14, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties